## WITT v. KING.

SUPREME COURT.—*Assignment of Error.—Waiver.*—Where an assignment of error is waived, on appeal to the Supreme Court, by the party assigning the same, it will not be considered.

SAME.—*Weight of Evidence.*—The Supreme Court on appeal will not disturb the finding or verdict rendered below, upon the mere weight of the evidence.

From the Boone Circuit Court.

*R. W. Harrison* and *T. J. Terhune*, for appellant.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellant, as defendant, in the court below, to recover damages sustained by the appellee, by and through the alleged gross negligence of the appellant, without appellee's fault or negligence. It would be a waste of time and labor to set out the particulars of appellee's complaint, as the appellant concedes that it states a good cause of action, and as there are no errors in the record which will reverse the judgment of the court below.

The appellant demurred to the appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was over-

ruled by the court below, and to this decision the appellant excepted.

Appellant then answered by a general denial of the allegations of the complaint.

The issues, thus joined, were tried by a jury, in the court below, and a verdict was returned for the appellee, assessing his damages at one hundred dollars.

Upon written causes filed, the appellant moved the court below for a new trial, which motion was overruled, and the appellant excepted. And judgment was rendered by the court below upon the verdict, from which judgment this appeal is now prosecuted.

In this court, the appellant has assigned the following alleged errors:

1st. In overruling appellant's motion for a new trial; and,

2d. In overruling appellant's demurrer to appellee's complaint.

In their argument of this cause, in this court, appellant's counsel expressly waive the second alleged error, because, they say, " we believe the complaint is good."

This leaves, for our consideration, the questions which are presented by the first alleged error. In his motion for a new trial, the appellant assigned several causes therefor; but the one which the appellant seems to rely upon in his brief is, that the verdict of the jury was not sustained by sufficient evidence. The evidence on the trial is properly in the record. It is not of the most convincing character, and was certainly contradictory. But, in our opinion, there was evidence adduced on the trial, tending to support the material averments of appellee's complaint. The jury, who were triers of the facts, saw proper to believe this evidence, rather than that which contradicted it. This was peculiarly within their province. Their conclusion on the evidence will be respected by this court; for we have uniformly held, as we now do, that we

will not reverse a judgment upon the mere weight of the evidence.

The judgment of the court below is affirmed, with ten per cent. damages, at the costs of the appellant.